UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
IN THE MATTER OF SEARCHES
CONDUCTED AND PROPERTY SEIZED
AT THE PREMISES LOCATED AT 18
OLD NECK ROAD, MANORVILLE, NEW
YORK and ALAN RAYMOND BARR, P.C.
LOCATED AT 98 SOUTH OCEAN
AVENUE, PATCHOGUE, NEW YORK.



MEMORANDUM AND ORDER

13 MC 376

(Wexler, J.)

----------------------------------------------------X

APPEARANCES:

    LORETTA E. LYNCH, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: BURTON T. RYAN, ESQ., ASSISTANT UNITED STATES ATTORNEY
    610 Federal Plaza
    Central Islip, New York 11722-4454

    LAW OFFICES OF ROBERT J. DEL COL, ESQ.
    BY: ROBERT J. DEL COL, ESQ.
    1038 West Jericho Turnpike
    Smithtown, New York 11787
    Attorneys for Claimant

WEXLER, J.

In this proceeding Petitioner Alan Barr ("Barr" or "Petitioner") seeks the return of property seized by law enforcement on April 26, 2012 during the execution of a valid search warrant. Relief is sought pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure

1

("Rule 41(g)"). For the reasons set forth below, the request for immediate return of the property is denied.

## BACKGROUND

### I. Facts

On April 26, 2012, members of the Suffolk County Police Department and special agents of the Federal Bureau of Investigation and the United States Treasury executed a warrant authorizing the search of Petitioner's home and place of business. The search was performed as part of a Federal investigation into an alleged marijuana sale and distribution scheme. Agents and police seized Barr's computer, documents relating to his law practice, and other records stated to be relevant to the investigation. Over a year has passed since the seizure, and the grand jury investigation continues.

### II. The Motion

Seeking relief pursuant to Rule 41(g), Barr contends that because the property has been held for a year with neither arrests nor the commencement of criminal proceedings, the property must be returned. Barr does not challenge the legality of the search. Instead, he contends that his property should be returned "based on the fact that he has not been charged and is being harmed by having his property unreasonably confiscated." He argues that the harm done to him attributable to the seizure of his property is "palpable," and that because a year has passed since the search, the seizure has turned "confiscatory."

The Government maintains that because the grand jury is in the process of its investigation, Petitioner's property must be retained. The Government also notes that Barr can make no argument of irreparable injury. In particular, it is noted that federal agents have been

2

prepared, for several months, to return most of the original documents to Barr. That return is allegedly being delayed by Barr's failure to complete a property return form. A detailed inventory of seventeen boxes of original documents available for return are awaiting completion of that form. The Government further notes that it has electronically scanned documents it wishes to retain, and that copies of those documents have been given to Barr in the form of a CD. The originals of the scanned documents are said to be available for Barr's inspection and review. Finally, the Government has provided Barr with inventory receipts for seized and retained contraband, including three firearms, ammunition, magazines and bags of cocaine seized from Petitioner's client.

## DISPOSITION OF THE MOTION

I. Legal Principles

Rule 41(g) provides "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The Rule requires that the court receive evidence as to any factual issue necessary to decide the merits of the motion. Id. Rule 41(g) is treated as a civil proceeding, providing an equitable remedy available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction. United States v. Zaleski, 686 F.3d 90, 92 (2d Cir. 2012); De Almeida v. United States, 459 F.3d 377, 382 (2d Cir. 2006); United States v. Huggins, 2013 WL 1728269 *3 (S.D.N.Y. 2013). As noted by the Second Circuit, jurisdiction under Rule 41 is to be exercised "with great restraint and caution" as it "rests upon the court's supervisory power over the actions of federal law enforcement officials." De Almeida, 459 F.3d at 382 (citation omitted); United States v. Bastien, 2013 WL 1701601 *2 (E.D.N.Y. 2013).

To prevail on a Rule 41(g) post-indictment motion, "the moving party must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." United States v. Bastien, 2013 WL 1701601 *2 (E.D.N.Y. 2013) (citation omitted). To defeat a motion for the return of seized property, the government "must provide some evidentiary proof accounting for the property seized." United States v. Cardona, 897 F. Supp. 802, 804 (S.D.N.Y.1995).

A pre-indictment motion for return of legally seized property is denied unless the moving party establishes that they would suffer irreparable harm if the property is not returned. See Standard Drywall, Inc. v. United States, 668 F.2d 156, 157 n.2 (2d Cir. 1982) (appeal dismissed for lack of jurisdiction but seriously questioning whether a claimant could establish irreparable harm where Government provides copies of items seized or returns originals); see also In Search Warrant Executed February 1, 1995, 1995 WL 406276 *2 (S.D.N.Y. 1995); Premises Known & Described as 55W. 47 St., Suites 620 & 650, New York, N.Y. v. United States, 712 F. Supp. 437, 440-41 (S.D.N.Y.1989); In re Searches of Semtex Industr. Corp. 64, 876 F. Supp. 426, 431 (E.D.N.Y.1995) ("where access to seized records and photocopies are available, there is no irreparable harm").

II. Disposition of the Motion

Barr does not argue that the search warrant leading to the seizure of his property was illegal. Nor does he state that he is being irreparably harmed by the Government's action with respect to the property. Instead, he states only that has he has been "aggrieved," and that the harm to his business interests is "palpable." In particular, Barr argues that the government's seizure of

4

documents have interfered with a business venture involving he launching of a proposed social networking program known as "Ivoyeur, Inc." Finally, Barr argues that the length of time between the seizure and the still-ongoing grand jury investigation (in excess of one year) warrants immediate return of his property. Barr neither mentions nor addresses why he has not taken advantage of the Government's proposal for the return and/or inspection of his property. He neither discusses the fact that he has been provided with a CD of retained documents that have been scanned by the Government nor explains why such copies are insufficient.

Upon review of the circumstances as set forth above, and the equities of this matter, the court holds that the Rule 41(g) motion must be denied. The government maintains an interest in retaining petitioner's property so long as it is performing a grand jury investigation. While the grand jury investigation has been lengthy, any business hardship resulting therefrom has been properly ameliorated by the Government's return of either originals or scanned copies of the documents to Petitioner. See Church of St. Matthew v. United States, 845 F.2d 418 (2d Cir.1988) (noting importance of fact that appellant received copies of all or substantially all of the seized documents). Where, as here, the grand jury is continuing to consider the seized material, and the party seeking return has the opportunity to retrieve or review documents seized, the party seeking return of the documents cannot establish irreparable harm. This remains true even where, as here, the investigation has been pending for over a year. See Church of St. Matthew, 845 F.2d 418 (15 month grand jury proceeding and retention of documents held not to be an unreasonable amount of time). Because Barr fails to meet the standards required for an order releasing his property during the ongoing criminal investigation, his motion pursuant to Rule 41(g) must be denied.

## CONCLUSION

For the foregoing reasons, the court denies the motion for return of seized property. The Clerk of the Court is directed to close the file in this matter.

SO ORDERED

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       July 31, 2013